Good morning, Your Honors. My name is Sylvia Esparza and I represent the petitioner, Mr. Miguel Meza. May it please the Court. The issue for this Court to decide is whether the BIA satisfied the Court's instructions on remand. And the answer to that question is no. When a case returns to this Circuit for a second time after remand with explicit instructions to the BIA, the Circuit should carefully examine the order of the BIA to see if they have followed the instructions. The Board of Immigration Appeals was well aware of this Court's instructions when it states in its 2014 decision that it should fully examine the favorable factors in support of its discretionary grant of relief and to revisit the petitioner's worthiness of a discretionary grant. Instead of fully examining, all they did is list the factors. Sotomayor So tell me, let me give you a hypothetical. The BIA says there's a lot of really good positive factors here, and we list them. But there's one negative, and that it's Mr. Ramos is a liar, and he's lied repeatedly. And that is, that's such a big factor, we say, that no matter how good the other factors are, it doesn't, we're not going to exercise our discretion to grant his motion. Do they then have to weigh each individual positive factor, or can they just say, we know there's a lot of great positive factors, but we have one really big negative? Why isn't that responsive to our order? Saharsky Well, I don't think that it's, first of all, it's not a per se bar. So he filed his application in 1996. Sotomayor No, I understand, but it's up to their discretion. Saharsky Right. But they're treating it as a per se bar. It's like you said, like you said, Judge, right now. Can't they say, this is such a big issue, repeated lying to us, that all these positives just are not enough to overcome it? Do they then have to say, and I weigh this positive as 10 points, and this positive as 10 points, and this positive as 5? I'm trying to figure out how, in your view, they should have done this if their ultimate conclusion was that the lies were so much that they were not going to exercise their discretion. Saharsky Well, I mean, our position is that they can't just give a bare conclusion without any discussion. So I agree that we don't condone, and it was bad what he did. However, they only listed the factors, and they didn't ever discuss any of the equities. Sotomayor What is it to discuss? Saharsky Well, I mean, for example, he has eight U.S. citizen children, and all they did is list it. They didn't talk about how does that affect? What are they supposed to do? You know, discuss it by name? Saharsky No, but discuss what kind of hardships these eight citizen children were going to suffer, the relationship that they had with their parents, the fact that the mother wasn't employed, that he was supporting all of them, the fact that those children had different fathers, and none of the fathers had been involved in their lives. There was no discussion. They just listed they have eight U.S. citizen children and moved on, and that was it. Saharsky But even in matter of Rosinas, which the Board of Immigration Appeals indicated, that six U.S. citizen children would rise to the level of extreme and unusual hardship, they could appreciate the fact there that six U.S. citizen children is significant equity, and here they didn't even talk about it. Sotomayor I mean, they considered it. I mean, what authority do you have for the idea that they have to sort of explicate every factor? The problem in the earlier appeal was that they hadn't considered those certain things they simply didn't consider. This time they considered it, and they said, you know, your client's a big liar. I mean, he didn't lie just once. He lied repeatedly to the immigration authorities, and we consider that to be really, really bad stuff. Saharsky Correct. But in the first decision, they didn't even mention it. They completely omitted it. They just said, as a matter of discretion, we're going to deny the motion to reopen. When this Court remanded it, but they said to give discussion, to talk about the favorable equities, they didn't do that. All they did is list. He has eight U.S. citizen children. He has a long relationship. He's been here for a long time, and that's it. And then they moved on and wrote several paragraphs on why everything he did was very bad. They didn't give any discussion to all his equities. And this Court has said in various cases that you have to give some discussion and not be so superficial and summary as to the equities. What's your best case? Well, I mean, first of all, they didn't even give the case. They attributed a negative in light of the certification, the UBESA certification, because he had filed it several years later. That was legal error because instead of giving that a positive weight, they gave it a negative weight because it was done several years later. This had nothing to do with. They didn't give it a negative weight. They just said we weigh it less because it happened years later. But there's no reason to give that less weight. I mean, this is a positive equity. The fact that it's — in 2009, there wasn't a site certification. When it was back with the Board, there was a site certification, and it was filed with USCIS. That's a positive factor. That's not a negative factor. They looked at the passage of time, and they attributed that as negative instead of looking at the passage of time since his previous false testimony. They didn't look at that. They didn't attribute it. They didn't treat it as a negative. They just said it's less positive. You know, the passage of time makes it less of a positive factor. That's perfectly rational. I mean, our position would be that it's not rational because it's — I mean, he — they spent a paragraph saying that it was not a good thing, and even the government agreed that, yes, it looked like negative light. So I'm not — I'm not — why would that be less positive as negative? I'm not sure. I think that that was — that they distorted a positive equity. This was a positive equity for him, and they looked at it in a negative manner without any reason to do so. They looked at the passage of time. Instead of looking at the passage of time since his false testimony, many years had passed since that no new bad acts had surfaced, and yet they didn't look at that passage of time as a positive equity. They didn't look at the fact that these children didn't have any parent other than this stepfather who had stepped up to take care of them, that none of the fathers of those children were in their lives. They didn't look at any of that. Would you like to save your time for rebuttal? Yes. Yes. Good morning, Your Honors. Counsel, and may it please the Court, Rob Stalzer on behalf of A.G. Sessions. The simple matter is the Board weighed all of the factors it was required to do, both the positive equities and the negative factors, and then announced its decisions in sufficient terms to be understood. That is the Board's explanation. Petitioner is now asking for an explanation of an explanation, and that goes too far. It is simply not required that the Board go further than simply saying, here are his positive equities, and it concedes these are significant positives. Here are his negative equities, and these are even more negative. They outweigh the positive, and, therefore, the motion should be denied on discretion. Do we know what the status of the U application is? As far as I know, it hasn't been granted. It's not in the record. Right. Right. As far as I know, it hasn't been granted. It's still pending. And what would be the effect of that on the motion? Would he then have to file a new motion to reopen if he were granted U status? I'm not 100 percent sure of the result. I think he might have to file another motion to reopen, but I'm not sure. I can file a motion. Well, I guess I'm not asking for stuff outside the record. I'm asking whether or not this ruling is preclusive with respect to the visa application. No. If he were to get a visa in the future, he could move to re-enter the unit. It's using the visa if USCIS granted him one. It's not dispositive of any future relief. So our cases say you should individually weigh the positive factors against the negative factors. I take it the other side's argument is that there's not really a weighing here. It's just a listing. And then the Board is saying there's some nice positive factors, but they're not good enough. Is that consistent with our case law? This case is consistent with case law. The weighing part we're talking about is the ultimate act of discretion where the Board says, okay, we've weighed these positives, we've weighed these negatives, and the Board's sole discretion is to decide which one is more weighty. That's the weighing part. The part that this Court has jurisdiction over is to make sure that the actual factors were considered, which is what in the earlier decision here the Court instructed the Board said, you didn't talk about his positives, you need to mention and show that you heard his positive factors, which is what they did here. They then listed the factors that he put in his motion to reopen. Precisely, they were responsive to his motion. He talked about his stepchildren, his length of residency, his work history in the United States, and the possibility that he could have a U visa. So that's what the Board mentioned, said, okay, well, we've been instructed to talk about these positives, here are these positives, and we weigh them, we find them to be significant positives. But they are outweighed because of the decades of lying that go all the way up to the year 2009. I would note in the position that weighing just means listing them? Considering means listing them to show that the Court has heard them. The actual weighing is when the Board says we've weighed these and we've determined that the negatives outweigh the positives. That's the weighing point. There was really no discussion of the positives. Right. That's the part that's in the Board's sole discretion is to determine whether or not these positives are outweighed. So you're saying we don't have authority to review the fact that there was no discussion, it was just a listing of them? It's the weighing that's in the Board's sole discretion. This Court has discretion, of course, to determine whether or not all of the proper factors were considered. Right. That was the Board's instruction, excuse me, the Court's instruction to the Board in the first round was to say, hey, you need to list his positive equities and mention them. Hasn't this Court previously said that you can't just list them, that there has to be some substantive discussion of the factors? I believe the Court has. In order for us to be able to determine if they were properly weighed? I believe the Court has and I believe the Board did in this case by saying that here are his factors and they're significant, his positive factors, equities and they're significant, indicating that the Board has given consideration to those positive equities. So it can weigh them in the aggregate, in your view, as opposed to individually? Yes. I don't, I don't, the Court has also said that the Board is not required to write an exegesis on every contention. It simply needs to announce its decision in terms sufficient to be understood to say, hey, we've heard you. We've heard these positive equities. These were the equities that he listed in his motion. And saying to the Board, okay, we've heard it, and we find them to be outweighed. Could the Board have a per se rule that said in weighing equities when you've lied on an application? We will always regard that as enough for us to not refuse to exercise our discretion. No, Your Honor. The Board has to weigh in each case. This Court's case law is clear, and I think the Board is clear, too, that they must weigh in each case the positive and negatives, whereas lying, particularly over a couple of decades, is serious. It's not a, there's no per se rule, and the Board wasn't applying a per se rule here that the lies always would have precluded him from relief. I don't want to belabor the point, Your Honors, if there are no other questions. Thank you. Thank you. We urge you to deny this petition for review. Your Honor, you asked if it was conclusive, if the petition was denied. The problem with that, obviously, would be that he would be subject to an immediate removal order, and given the current administration, he would be picked up immediately. So you'd be separating him from his entire family. I'm not sure it has any relevance to our case. You both mentioned it in your briefing, and there's no, we don't know where it stands, and that's why I was asking. Right. But if the petition was denied, there'd be a final order of removal, and there's no stay in place, and ICE would come pick him up immediately. So it is very significant that the case is allowed to go forward on the U visa and see what happens there before the case is completely denied. In addition, the government is wrong in saying... What exactly is the status of that application? It's pending, Your Honor. It's been completed? Yeah, they haven't been, the government, the U visas, I believe, have been really, really slow. So it's still pending. The status of the wives is actually still pending. Are those considered in order of filing? I'm sorry? Are those kind of applications considered in order of filing? Yes. And do you know what date they are working on right now? I believe they're in 2013. They're in 2013. And when... The wife's application has been given prima facie, but it's on a waiting list, and the husband's is on a wait, is still, we're still fighting that case. Did he ever supplement the application? Yes. Yes, we did supplement the application. Also, just wanted to point out that this Court has several cases that have indicated that you can't have just a summary listing. There has to be some kind of discussion. Watkins, Arizal, Jara, and Navarrete, and Watkins is very, very instructive in this case because there was a lot of fraud there. There was a sham marriage. The Court had considered that, but they looked at the equities, the fact that there was a USC spouse, USC children, the child had a learning disability. In that case, this Court said that there was an abuse of discretion, and therefore we would argue that this was really arbitrary and capricious for the Court of Immigration to deal with. Watkins was a case where we said they failed to mention several relevant factors. Yes, but there was a lot of fraud in that case. There was a sham marriage, and it was very similar to this case. But that was a case where they didn't mention. That was the power in Watkins. So this was not a case, Watkins is not a case where they mentioned it and didn't go into enough depth, which is what you were citing it for. That was a case where they just didn't consider. I believe there was, it's very similar, Judge, because they, it looks like, I believe it was very similar to this case because there was a lot of fraud. It was denied. They filed a motion to reopen. It was denied. They filed another, you know, new circumstances, and then they filed another motion to reopen. And at the end of the day ---- It had a lot of similarities to this case in that there were a lot of negatives. But the proposition that it stands for is that they didn't consider, they didn't list, they didn't mention, they didn't list some of the positives, which is very much like this case and this prior iteration here. You were citing it for the proposition that they actually have to go into depth in discussing each factor. That's not what it stands for. I have it here if you want to correct my understanding of it. No, I believe you. I'm just saying that it's not even the depth. I mean, they didn't even discuss. They just listed, which that is very summary, that's very superficial. True or not, Watkins was a case where they didn't list. So Watkins just doesn't help you. I thought you were giving us cases where, I think in response to Justita's question, that there are cases that require more than listing. And you said, yes, there are cases that require in-depth discussion. And I, you know, you mentioned Watkins. Watkins isn't it. So do you have another case that does it? Well, I mean, there was Arizal, there's Java Navarrete, there's Campos Granillo. They all talk about how the board cannot just summarily conclude without giving a discussion. And when I'm talking about a discussion, they didn't even have to give several paragraphs. They just could have at least given a sentence or two of each factor. They did not do that. All they did is just list exactly what the Ninth Circuit asked them to do is list out. But they didn't discuss any of those equities. Thank you. We don't have time. Thank you. The case Kedrus-Hagebu stands submitted.
judges: Kozinski, Hurwitz, Keeley